IN THE UNITED STATES
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL HILL | § | |
| Plaintiff, | § | |
| | § | Civil Action |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| AND | § | |
| OCWEN FINANCIAL CORPORATION, | § | |
| Defendants, | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY
JUDGMENT**

**1.  PARTIES**

1.1.  Plaintiff, Samuel Hill, is an individual that is a citizen of the State of Texas.

1.2.  Defendant, PHH Mortgage Corporation("PHH") a wholly owned subsidiary of Ocwen
Financial Corporation ("Ocwen") the parent company, is a corporation that is
incorporated under the laws of the State of Maryland. Defendant is mortgage lender
specializing in residential and commercial loan servicing lender, doing business in the
State of Texas. Defendant may be served with process with process by serving its
registered agent, Corporation Service Company dba CSC- Lawyers Incorporating
Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1.3.  Defendant, Ocwen Financial Corporation, is a corporation that is incorporated under
the laws of the State of Florida. Defendant is mortgage lender specializing in residential
and commercial loan servicing lender, doing business in the State of Texas. Defendant
may be served with process with process by serving its registered agent, Corporation
Service Company dba CSC- Lawyers Incorporating Service Company, 211 E. 7th Street,
Suite 620, Austin, Texas 78701.

**2.  JURISDICTION**

2.1.  The Court has Jurisdiction over the lawsuit because the suit arises under Section 3002.1
of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 109(g).

3. **VENUE**

   3.1. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events that substantial part of the property at issue is situated in this district. The property being loan being serviced by the defendants was executed in Houston, Texas and the Bankruptcy was filed and administered in the United States Bankruptcy Court Southern District of Texas Houston Division.

4. **FACTS**

   4.1. Samuel Hill filed for Chapter 13 Bankruptcy on October 3,2008. The Court confirmed the plan on May 20, 2009.

   4.2. The case was completed on January 24, 2014.

   4.3. On January 14, 2014, Samuel Hill's Bankruptcy Trustee filed a Chapter 13 Trustee's Notice of Final Cure Payment pursuant to FED. R. BANKR. P. 3002.1(f) and Motion to Deem Mortgage Current and Direct Debtor to Begin Making Direct Payments. The Trustee Served this motion to all parties in the case including, serving the motion to Ocwen by mail on the same day.

   4.4. Owen did not file in statements with the Court in response to the Notice of Final Cure in accordance with Federal Rules of Bankruptcy Procedure 3002.1(g), indicating that there were any pre-petition or post-petition amounts due or that they disagreed with the Trustee's filings.

   4.5. Plaintiff's Trustee filed a Chapter 13 Trustee Final Report and Account on April 2, 2014.

   4.6. The court signed a final Decree on May 5, 2014.

   4.7. On April 1, 2019, PHH Mortgage Corporation became the new loan servicer on the home mortgage for Samuel Hill.

5. **COUNT 1- DECLARATORY JUDGMENT**

   5.1. The Plaintiff request that the Court enter a Declaratory Judgment that the Plaintiff does not owe the Defendant any pre- or post-arrearages, because the Defendant failed to file a response to the Plaintiff's Notice of Final Cure Payment after receiving notice of Final cure from the Plaintiff's Trustee, in accordance with Federal Rules of Bankruptcy Procedure 3002.1(g). Under Federal Rules of Bankruptcy Procedure 3002.1(g), within 21

days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

5.2. Furthermore, the plaintiff is seeking reimbursement for all payments received by the Defendant from the plaintiff after the plaintiff's bankruptcy was completed.

5.3. Moreover, the Plaintiff had retained the services of a licensed attorney Keith M Harris and request reasonable attorneys' fees incurred as a result of hiring an attorney to resolve this case.

5.4. Declaratory relief is necessary because the defendant continues to send the Plaintiff notices of past due amounts and has threatened to foreclose on the Plaintiff's home.

## 6. PRAYER

6.1. For these reasons, plaintiff asks for judgment against defendant for the following:

6.1.1. A Judgment by the Court that the Plaintiff does not owe the defendant any additional pre- or post-petition mortgage or interest amounts.

6.1.2. Reasonable attorney fees

6.1.3. Court Cost

6.1.4. All other relief the Court deems appropriate.

Keith M Harris
The Law Office of Keith M Harris
TBN: 24097802
2405 Wentworth St.
Houston, Texas 77004
Telephone: 281-940-8054
Fax: 713-513-5915
Email: keith@kmharrislaw.com
Attorney in Charge for Plaintiff, Samuel Hill